IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JACOB PARTEE,<br>    Plaintiff,<br><br>v.<br><br>RITA ALI, an individual,<br>    Defendant. | Case No. 1:25-cv-01197-JEH-RLH |

**Order**

Now before the Court is the Plaintiff's Motion for Leave to Proceed *in forma pauperis* (D. 2), along with his Complaint (D. 1).[1] For the reasons set forth, *infra*, the Plaintiff's Motion for Leave to Proceed *in forma pauperis* (D. 2) is DENIED and his Complaint (D. 1) is dismissed with leave to amend within twenty-one days if he believes he can state a claim in accordance with this Order.

**I**

Plaintiff *pro se*, Jacob Partee, commenced this action on May 21, 2025, and filed with it a Motion for Leave to Proceed *in forma pauperis*. (D. 1 & 2). The matter is now fully briefed.

**II**

"The federal *in forma pauperis* statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed *in forma pauperis*. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). As part of that process,

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

a court shall dismiss a case at any time if: 1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). However, for the reasons set forth below, even if the Court were to find the Plaintiff is unable to pay the filing fee, his Complaint must be dismissed for failing to state a claim on which relief may be granted.

### A

The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii). *Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief". FED. R. CIV. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). And while the Court is obligated to construe *pro se* complaints liberally, *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he protections built in the *in forma pauperis* system would be meaningless if persons were allowed to proceed *in forma pauperis* with complaints that do not supply sufficient facts from which a reasonable inference could be made that the rights of the petitioner were violated." *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 758 (7th Cir. 1988).

### B

Plaintiff alleges one cause of action against Rita Ali, as the Mayor of the City of Peoria, and is suing her in her individual capacity under 42 U.S.C. § 1983 for

retaliation under the First Amendment. (D. 1 at ECF p. 2). In support of his claim, the Plaintiff states as follows. "On or about March 16, 2025, Plaintiff submitted lawful Freedom of Information Act (FOIA) requests and sent respectful correspondence to Defendant Ali regarding matters of government transparency and local governance." *Id.* Plaintiff claims that this constituted protected activity under the First Amendment. *Id.* Plaintiff further alleges that, "[i]n response, Defendant Rita Ali, from her personal email account (ritaalipeoria@gmail.com), sent an unsolicited and disparaging message to Plaintiff" in which she allegedly stated:

> You are not sincere. You are submitting FOIA requests attempting to find something inappropriate. You will not find it because it is not there. Again, stop playing games and grow up. You are not my constituent yet you continue to interfere. I tried to work with you but you have continued to reveal your devious intentions. Farewell.

*Id.* at ECF p. 5.

Plaintiff states that this email was not sent in the Defendant's official capacity or in furtherance of a legitimate government function, rather, he claims that it was "personally retaliatory" and "stemmed from Defendant's animus toward Plaintiff's protected activities." *Id.* at ECF p. 2. Further, Plaintiff claims the message's characterization of Plaintiff's activities as "games" and "interference" was designed to demean and discourage further participation, such that it would "deter a person of ordinary firmness from continuing to engage in similar protected speech and petitioning activities." *Id.* at ECF p. 2-3. As a result, Plaintiff claims he suffered emotional distress, reputational harm, anxiety and humiliation, and a chilling effect on his civic engagement and seeks compensatory damages of

up to $25,000, as well as punitive damages, costs, and injunctive or declaratory relief. *Id.* at ECF p. 4.

### C

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a federal right, privilege, or immunity by any person acting under color of state law. *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005). In this case, Plaintiff alleges that the Defendant, as Mayor, acted under color of state law but outside of the scope of her legitimate duties. (D. 1 at ECF p. 3). He further states the alleged message constitutes First Amendment retaliation. *Id.* To establish a First Amendment retaliation claim, a plaintiff must show three elements. *Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). "First, he must show he engaged in First Amendment Protected Activity. Second, he must show an adverse action was taken against him. Third, he must show his protected conduct was at least a motivating factor of the adverse action." *Id.* To that end, Plaintiff asserts that he engaged in First Amendment activity by submitting FOIA requests and that the Mayor's alleged email constituted a retaliatory and adverse action that was motivated by the Plaintiff's protected activity. (D. at ECF p. 3). Finally, Plaintiff states that the Defendant's conduct would chill a person of ordinary firmness from exercising their First Amendment rights. *Id.*

Assuming as true that the Plaintiff's activities satisfy the first and third elements of a First Amendment retaliation claim, his claim fails as to the second element. "The standard for determining whether an action is sufficiently adverse to constitute retaliation is well established: it must be 'likely [to] deter a person of ordinary firmness from continuing to engage in protected activity.'" *Holleman*, 951 F.3d at 880. "This is an objective standard; it does not hinge on the personal experience of the plaintiff." *Id.* In this case, the alleged message from Mayor Ali

does not constitute an adverse action. In the message, she states, "You are not sincere. You are submitting FOIA requests attempting to find something inappropriate . . . Again, stop playing games and grow up. You are not my constituent yet you continue to interfere. I tried to work with you but you have continued to reveal your devious intentions. Farewell." (D. 1 at ECF p. 5). Critically, the email is devoid of any threat or adverse action. Instead, it appears to be a statement of opinion about the Plaintiff's activities. Nor would a single isolated email, without more, deter a person of ordinary firmness from continuing to engage in protected activity. *Holleman*, 951 F.3d at 880. Juxtaposing the instant facts alongside the case law on First Amendment retaliation and what constitutes an adverse action make this point clear. *See Hodgkins ex rel. Hodgkins v. Peterson*, 355 F.3d 1048, 1056 (7th Cir. 2004) (observing the threat of arrest is enough); *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982) (observing a campaign of harassment, though trivial in detail, may have been substantial in gross); *Muller v. Conlisk*, 429 F.2d 901, 903 (7th Cir. 1970) (observing the threat of sanctions may constitute a First Amendment injury); *Whalen v. Mackenzie*, 760 F. Supp. 3d 743, 751 (W.D. Wisc. 2024) (observing several courts have held being cut or suspended from a sports team can qualify as retaliation); *Hoffman v. Dewitt Cnty.*, 176 F. Supp. 3d 795, 807 (C.D. Ill. 2016) (observing termination of employment makes up a large number of First Amendment retaliation cases); *Chrzanowski v. Bianchi*, 122 F. Supp. 3d. 755, 764 (N.D. Ill. 2015) (observing, in some circumstances, investigation could be a retaliatory action). In this case, the Mayor did not threaten to cutoff the Plaintiff's FOIA access, engage in a campaign of harassment against him, or otherwise threaten to sanction him in any form. This is not enough. For that reason, the Plaintiff's Complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678.

As a result, the claim is dismissed without prejudice for failing to state a claim upon which relief can be granted.

### III

For the reasons stated, *supra*, the Plaintiff's Motion for Leave to Proceed *in forma pauperis* (D. 2) is DENIED and his Complaint against the Defendant (D. 1) is dismissed with leave to amend within twenty-one days if he believes he can state a claim in accordance with this Order.

*It is so ordered.*

Entered on June 11, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE